### FERNANDINA SHIPBUILDING & DRY DOCK CO. v. PETERS et al.

(Circuit Court of Appeals, Fifth Circuit. March 29, 1927.)

No. 4769.

Conspiracy ⌒21—Evidence of conspiracy to obtain cancellation of shipbuilding company's contract and to obtain contract for defendants held insufficient for jury.

Evidence in support of allegation that defendants, with whom plaintiff shipbuilding company had been negotiating for loans, conspired to cause plaintiff to lose contract with republic of France and to obtain contract for themselves, held insufficient to go to jury in action for damages, where evidence showed that plaintiff's contract was subject to forfeiture prior to any dealings with defendants.

In Error to the District Court of the United States for the Southern District of Florida; Lake Jones, Judge.

Action by the Fernandina Shipbuilding & Dry Dock Company against Thomas J. Peters and others. Judgment on directed verdict for defendants, and plaintiff brings error. Affirmed.

See, also, 283 F. 621.

Cromwell Gibbons, of Jacksonville, Fla. and Frank Clark, of Miami, Fla. (Clark, Clark & Maiden, of Miami, Fla., on the brief), for plaintiff in error.

H. L. Anderson, of Jacksonville, Fla., and Mitchell D. Price and Robt. J. Boone, both of Miami, Fla., for defendants in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action by the plaintiff in error, Fernandina Shipbuilding & Dry Dock Company, a corporation (herein called the plaintiff), against the defendants in error, four individuals

(herein called defendants), to recover the amount of the loss alleged to have been sustained by the plaintiff in consequence of the plaintiff being compelled to relinquish and lose the benefits of a contract it had with the republic of France for the building of 12 ocean-going tugs and 12 steel barges, and being prevented from establishing a successful shipbuilding going concern and obtaining other and different contracts at a great profit to it. The declaration, after alleging the making of the contract between plaintiff and the republic of France, a copy of which was made Exhibit A to the declaration, and what had been done by plaintiff thereunder, and certain transactions and negotiations between A. W. Knowles, a person interested in the plaintiff, and the defendants, and the preparation of a draft of a proposed agreement between Knowles and the defendants, which provided for defendants furnishing stated sums for the carrying on of the contract for the building of the vessels mentioned and the issuance to the defendants of stock of the plaintiff, alleged:

"That, as a matter of fact, the defendants were not acting in good faith in said negotiations, but conspiring and confederating together, and craftily, secretly, stealthily, and in fraud of the rights of the plaintiff, merely conducting said negotiations for the purpose of obtaining substantially all information, misleading the plaintiff, and inducing it to rely solely upon the defendants and thereby obtain no other or different assistance, until the time should elapse when the work should actually have been started and carried on, looking to the completion of said contract, Exhibit A; that the defendants so combined and confederated together to defraud the plaintiff in the premises, and underhandedly, secretly, and without the knowledge of the plaintiff, undertook to negotiate or obtain a contract with the French Commission, and sought to induce the French Commission, representing the republic of France, to grant a contract to the defendants in lieu of substitution of the contract awarded by the republic of France to the plaintiff, in their own behalf and interest, and in behalf and interest of themselves and their associates, and thus induce the republic of France to cancel its contract with the plaintiff, recover the unused money previously paid by the republic of France, as aforesaid, and thus totally ruin and destroy the plaintiff's business prospects, and as a result obtain the full benefit and advantage of the contract for themselves, the said defendants."

At the conclusion of the evidence offered by the plaintiff, the court granted a motion of the defendants for a directed verdict in their favor.

A careful examination of the record has led us to the conclusion that the evidence adduced was not such as to support the material allegations of the declaration. Evidence adduced showed that prior to any dealings by the defendants, or any of them, with a representative of the republic of France, the plaintiff's contract with that republic was by its terms subject to be canceled because of plaintiff's failure to proceed with the work called for by that contract. The evidence was not such as to warrant a finding that the cancellation of that contract was due to efforts of the defendants, or any of them, to induce the representative of the republic of France to cancel it and to grant to defendants a contract in lieu or in substitution of that contract, and not to such failure of plaintiff to proceed with the work called for by that contract, or a finding that the defendants caused or were responsible for the loss or damages sustained by the plaintiff in consequence of the cancellation of that contract. The evidence did not show that the defendants became obligated to the plaintiff to supply the latter with funds for use in carrying on that or other contracts, or that plaintiff's failure to realize profits in its business was due to a breach by the defendants of any duty owing by them to the plaintiff. We conclude that the claim asserted by plaintiff was not sustained by the evidence, and that the above-mentioned ruling was not erroneous.

The judgment is affirmed.